# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD E. ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-08-326-SPS |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff Ronald E. Robinson brought suit against his employer, the Defendant BNSF Railway Company, pursuant to the Locomotive Inspection Act ("LIA"), 49 U.S.C. §§ 2070-20703, and the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-61. He alleges that he injured his back over an extended period while working for BNSF as a road conductor. BNSF contends that the Plaintiff's claims are barred by limitations and seeks summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, the Court finds that the Defendant BNSF Railway Company's Motion for Summary Judgment and Brief in Support [Docket No. 28] should be granted.

### A. Factual Background

Robinson worked for BNSF for over thirty-eight years. As a road conductor, he was exposed to constant train movement. Robinson quit working on August 18, 2008, because of injuries to his back, spine, hips and lower legs. He contends that these injuries occurred over time and were caused by poor seats, track conditions, ballasts, and equipment maintenance, for which he blames BNSF.

Robinson initially complained of neck and back pain in February 1999 and was diagnosed with degenerative disc disease in March 2000. He testified that up until this time his neck and back would hurt but the pain was intermittent and always went away. Robinson also testified that his only activity was working for BNSF six days per week, although he later claimed to do yard work and chores around the house, *e. g.*, hoeing and roto-tilling. In February 2003, Robinson was examined by his doctor, who noted his neck and low back pain and discussed certain aspects of his "manual labor" job, *e. g.*, the six-day work week, the "extraordinary hours" and the daily two-to-three-mile walk. The doctor mentioned Robinson's neck and back pain again in July 2004, noting that he was "quite active in general with his job." In September 2005, the physician noted that Robinson was "tired of his job of 36 years with the railroad." He discussed Robinson's complaints of "chronic muscular tension, particularly in the neck and the back," and its relation "to his many years of working at the railroad." Robinson testified that his neck and back pain became constant beginning in 2006 but contends that he was unaware the pain was job-related until his doctor diagnosed him with disc herniations in August 2008 and expressly related the diagnosis to his work. Robinson filed his complaint herein soon thereafter on August 28, 2005.

**B. Analysis**

BNSF contends it is entitled to summary judgment on Robinson's claims under the LIA and the FELA because they are barred by the statute of limitations. *See* 45 U.S.C. § 56 ("No action shall be maintained under this chapter unless commenced within three

years from the day the cause of action accrued."). *See also Matson v. BNSF Railroad Corp.,* 240 F.3d 1233, 1235 (10th Cir. 2001) (indicating the LIA provides no independent cause of action and that such claims must be brought under the FELA), *citing Feichko v. Denver & Rio Grande Western Railroad Co.,* 213 F.3d 586, 588 n. 4 (10th Cir. 2000). BNSF argues that Robinson knew or should have known that his injuries were job-related prior to August 28, 2005. *See, e. g., Emmons v. Southern Pacific Transportation Co.*, 701 F.2d 1112, 1117 (5th Cir. 1983) ("Failure to timely bring suit not only bars the claimant's remedy, but it also destroys the employer's liability."), *citing Dixon v. Martin*, 260 F.2d 809, 811 (5th Cir. 1958). BNSF may obtain summary judgment based upon the statute of limitations only if "the statute of limitations has run and . . . there exists no genuine issue of material fact as to when the plaintiff's cause of action accrued." *Fries v. Chicago & Northwestern Transportation Co.*, 909 F.2d 1092, 1094 (7th Cir. 1990), *citing Evenson v. Osmose Wood Preserving Co. of America, Inc.*, 899 F.2d 701, 703 (7th Cir. 1990).

The discovery rule applies if an injured railroad worker cannot reasonably determine the exact time an injury occurs, *i. e.*, "the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Matson*, 240 F.3d at 1235, *quoting Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994). *See Urie v. Thompson*, 337 U.S. 163, 170 (1949) (applying the discovery rule to a FELA case). But an injured railroad worker must "exercise reasonable diligence and investigate the cause of a known injury[,]" *Matson*, 240 F.3d at 1235, *citing Arvayo v.*

*United States*, 766 F.2d 1416, 1422 (10th Cir. 1985), and "knowledge of the *specific* cause of a work-related injury is not required to trigger the statute of limitations in a FELA action. Rather, a FELA claim accrues when the plaintiff knows or should know that his injury is merely work-related."). *Matson*, 240 F.3d at 1236, *citing Bealer v. Missouri Pacific Railroad Co.*, 951 F.2d 38, 39 (5th Cir. 1991) [emphasis added]. The inquiry is an objective one. *See Matson,* 240 F.3d at 1236, *citing Fries*, 909 F.2d at 1095 ("Both components require an objective inquiry into when the plaintiff knew or should have known, in the exercise of reasonable diligence, the essential facts of injury and cause.").

The Plaintiff makes two arguments that the statute of limitations on his claims had not run by the time he filed this lawsuit on August 28, 2008. He contends that he did not actually know that his injuries were work-related until his doctor diagnosed him with disc herniations and specifically related them to his railroad job in August 2008. The Plaintiff, however, had a duty to investigate possible causes of his neck and back pain even before receiving a diagnosis from his doctor. *See, e. g., Mix v. Delaware & Hudson Railway Company, Inc.*, 345 F.3d 82, 87 (2d Cir. 2003) ("Regardless of whether he received an actual diagnosis, undisputed facts indicate that Mix knew that he was having problems with his hearing. The fact that Mix may not have had actual knowledge of his medical diagnosis would not relieve him of his duty of exercising due diligence based upon strong indications that he did, in fact, have an injury."); *Fries*, 909 F.2d at 1096 ("Actual knowledge by the plaintiff of causation is not necessary to a finding that a cause

of action has accrued."). *See also Tolston v. National Railroad Passenger Corp.*, 102 F.3d 863, 866 (7th Cir. 1996) ("We accept her representation that she never asked anyone about the source of her pain, up to and including the moment when Dr. Rosenberg volunteered that it might be work-related. Under *Fries*, this does not change matters for her. Because the undisputed facts show that Tolston knew about her medical condition before April 1992, and with the exercise of reasonable diligence should have known about its cause by that time, we conclude that her May 1995 FELA action is time-barred."). The Plaintiff also contends that his neck and back pain were not so severe that he attributed them to the "accumulated effect" of his work until sometime in 2006 or 2007. But the discovery rule "only requires a finding that a plaintiff should have known of an injury, not that he possess actual knowledge. That [his] injury had not reached its maximum severity . . . but continued to progress does not affect this result." *Fries*, 909 F.2d at 1096, *citing Lancaster v. Norfolk & Western Railway Co.*, 773 F.2d 807, 820-21 (7th Cir. 1985). *See also Matson*, 240 F.3d at 1237 ("Here, Matson knew about his back injury and should have known its cause more than three years before he filed suit.").

The Court finds that the Plaintiff reasonably knew or should have known that his neck and back pain were work-related more than three years before he filed this lawsuit. His claims are therefore barred by the statute of limitations. *See* 45 U.S.C. § 56 ("No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."). The Plaintiff suffered from intermittent neck and back pain as early as 1999 and performed little strenuous physical activity other than his

job as a conductor for BNSF. His doctor connected his symptoms to work as early as February 2003, when he noted the Plaintiff suffered from neck and back pain and worked "extraordinary hours" at "manual labor" and walked two to three miles a day six days a week. *See, e. g., Matson*, 240 F.3d at 1236 ("Matson's doctor . . . 'started to draw an inference' during the April appointment that the back pain was work-related, and Matson and his doctor discussed the possible ways the pain could be connected to Matson's employment. By that date, Matson was on notice that his job was a potential cause of his back injury."). The doctor reiterated the connection in September 2005, noting that the Plaintiff suffered from "chronic muscular tension, particularly in the neck and back" and specifically attributing this "to his many years of working at the railroad." Both these doctor's notes predate 2006 or 2007, when the Plaintiff claims his neck and back pain became severe enough that *he* attributed them work. Further, while the Plaintiff may have attributed his pain to gardening and household chores (as he testified during his deposition), he apparently did not discuss these chores with his doctor (or his doctor felt these were not causing his pain), as they do not show up in any treatment notes. But the Plaintiff clearly did discuss his job as a conductor for BNSF in some detail. *See Fries*, 909 F.2d at 1095 ("[T]he injured plaintiff need not be certain which cause, if many are possible, is the governing cause but only need know or have reason to know of a potential cause."), *citing Nemmers v. United States*, 795 F.2d 628, 631-32 (7th Cir. 1986); *Drazan v. United States*, 762 F.2d 56, 59 (7th Cir. 1985). *See also Tolston*, 102 F.3d at 865 ("A plaintiff need not be sure which cause is predominant, as long as she knows or has reason

to know of a potential cause."), *citing Fries*, 909 F.2d at 1095.

### C. Conclusion

In summary, the Court finds that on the undisputed facts of this case, the Plaintiff knew or reasonably should have that his neck and back pain were work-related more than three years before filing suit. His claims under the LIA and the FELA are thus barred by the statute of limitations, *see* 45 U.S.C. § 56, and BNSF is entitled to summary judgment herein pursuant to Fed. R. Civ. P. 56. For these reasons, the Defendant BNSF Railway's Motion for Summary Judgment and Brief in Support [Docket No. 28] is GRANTED. As this disposes of all claims herein, the Court will separately render judgment in accordance herewith pursuant to Fed. R. Civ. P. 58(a).

**IT IS SO ORDERED THIS 30th day of March, 2010.**

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**